IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY MASON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JIM RABON, )<br>)<br>Respondent. ) | Case Number CIV-08-56-C |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation on June 2, 2008, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection, and the Court therefore considers the matter de novo.

As made clear in Judge Argo's Report and Recommendation, Petitioner's claim was filed well outside the one-year limitations period established by 28 U.S.C. § 2244(d)(1). In his Objection, Petitioner argues the Court should equitably toll the limitations period due to his disability caused by the medications he was prescribed.

Petitioner has failed to offer any basis to warrant application of the equitable tolling doctrine. "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). According to Petitioner, it was not until 2007 that his head cleared enough to permit him to seek post-

conviction relief. However, the medical records attached to Petitioner's Objection fail to support his contention. To the contrary, the December 14, 2006, medical record reflects Petitioner had no subjective complaints and intact neurological exam. There is no indication on any of the medical records of Petitioner suffering from altered or impaired mental state. Thus, Petitioner has failed to satisfy his burden of establishing the extraordinary circumstances necessary to merit equitable tolling. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

As set forth more fully herein, Petitioner has failed to offer any basis to reject the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 14th day of August, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge